914 F.2d 1491
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William A. HUNSUCKER, Petitioner,
v.
FLAT GAP MINING COMPANY, Director, Office of Workers
Compensation Programs, Respondents.
 No. 90-1417.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 14, 1990.
Decided Oct. 2, 1990.
 
 On Petition for Review of an Order of the Benefits Review Board. (85-5827-BLA)
 William A. Hunsucker, petitioner pro se.
 Harry Ashby Dickerson, Penn, Stuart, Eskridge & Jones, Abingdon, Va., Barbara J. Johnson, Richard Zorn, United States Department of Labor, Washington, D.C., for respondents.
 Ben.Rev.Bd.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Hunsucker seeks review of the Benefits Review Board's decision and order affirming the administrative law judge's (ALJ) denial of black lung benefits pursuant to 30 U.S.C. Secs. 901 et seq. Although we affirm the Board and the ALJ's determinations that claimant failed to establish total disability due to pneumoconiosis pursuant to 20 C.F.R. Sec. 718.204(c), we do so based on different reasons.
 
 
 2
 In affirming the ALJ, the Board held that the ALJ correctly rejected the opinions of Drs. Smiddy and Robinette that claimant was totally disabled by pneumoconiosis in favor of the contrary opinions of Drs. Dahhan and Endres-Bercher on the ground that the former medical opinions were inconsistent with the objective medical data of record. We do not agree that the opinions of Drs. Smiddy and Robinette were inconsistent with the objective medical data.
 
 
 3
 Although all but one of claimant's pulmonary function studies and blood gas studies produced non-qualifying values under the regulations, all physicians of record that addressed the issue of disability agreed that the studies produced abnormal results and indicated the presence of a respiratory or pulmonary impairment. The physicians merely differed as to whether claimant's impairment rendered him totally disabled.
 
 
 4
 An ALJ may not automatically reject a medical opinion of total disability merely because the underlying objective studies upon which the opinion was in part based produced non-qualifying values. See Sabett v. Director, OWCP, 7 BLR 1-299 (1984); Fuller v. Gibraltor Coal Co., 6 BLR 1-1291 (1984). A contrary rule would be illogical since a study which produces abnormal yet nonqualifying results might still indicate a significant impairment which, depending on the exertional requirements of the claimant's particular job, might render the miner totally disabled.
 
 
 5
 In the instant case, however, claimant failed to produce evidence establishing that his impairment rendered him unable to perform his former coal mine work. Neither of the physicians that found total disability explained how a person with claimant's degree of impairment would be unable to perform claimant's job duties. Moreover, the record discloses that claimant's former job as a tipple operator was not strenuous. The record contains a government form completed by claimant entitled "Description of Coal Mine Work and Other Employment" which states that claimant's job required him to sit for two hours and stand for six hours daily, but required no crawling, lifting, or carrying.
 
 
 6
 Claimant's testimony at the hearing disclosed that his job basically involved installing switches and observing the loading process. He testified that he often negotiated three or four flights of stairs, did some shoveling, and, on occasions requiring emergency repairs, might lift as much as fifty pounds. This work, however, was apparently infrequent and nonrepetitive. Claimant now works for the highway department. He works as a flagman and truck driver, and does some shoveling in the winter.
 
 
 7
 We therefore conclude that claimant failed to meet his burden to establish a totally disabling respiratory or pulmonary impairment. Accordingly, the decision and order of the Benefits Review Board are affirmed.
 
 
 8
 AFFIRMED.